BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-04-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 22, 2004

______________________________

SHAVONN A. PRICE,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428701; HON. BRADLEY S. UNDERWOOD, PRESIDING

_______________________________

ABATEMENT AND REMAND

__________________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

Shavonn A. Price(appellant)
 appeals her adjudication of guilt for aggravated assault.  
The clerk’s and reporter’s records were filed on September 1, 2004.  Thus, appellant’s brief was due on October 1, 2004.  That date passed without appellant filing a brief, however.  So, on October 11, 2004, this Court notified appellant that neither the brief nor an extension of time to file it had been received by the court.  Appellant was also admonished that if he did not respond to the court’s letter by October 21, 2004, the appeal would be abated to the trial court.  October 21
st
 also passed without appellant filing a brief, moving for an extension, or responding in any way to our October 11
th
 letter.

Consequently, we abate this appeal and remand the cause to the 364th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal;

 

2.   whether appellant is indigent and entitled to appointed counsel; and,

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel’s failure to timely file an appellate brief.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief). 

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before November 22, 2004.  Should additional time be needed to perform these tasks, the trial court may request same on or before November 22, 2004.

It is so ordered.

Per Curiam

Do not publish.